IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID IVEY, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv702 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 6, the respondent's Motion to Dismiss the habeas corpus petition filed by the petitioner, David Ivey. The respondent points out that a motion for postconviction relief filed by the petitioner is still pending in the state courts. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" **before** filing for federal habeas relief.  Id. at 845 (emphasis added).  One "complete round" of review in Nebraska includes a petition for further review in the Nebraska Supreme Court of any federal claims later presented to this court in a habeas corpus petition.

THEREFORE, IT IS ORDERED:

1.   That the petitioner shall have until February 5, 2007 to show cause, i.e., to express in writing any reason he may have, why his § 2254 petition should not be dismissed without prejudice in light of the pending proceedings in the state courts; and

2.   That in the absence of a timely and sufficient showing of cause, the petitioner's habeas petition and this case will be subject to dismissal, without prejudice, after February 5, 2007.

DATED this 17th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge